76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Manuel APODACA-LEYVA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70570.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1996.*
Decided Jan. 24, 1996.
 
 Before: ALDISERT,** SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 OVERVIEW
 
 2
 Petitioner Apodaca-Leyva (Petitioner) seeks review of a final order from the Board of Immigration Appeals (BIA) denying an application for adjustment of status and ordering that Petitioner be deported. Petitioner challenges the BIA's denial of his application for a waiver of inadmissibility, which would have made him eligible for an adjustment of status to that of a lawful permanent resident. The BIA refused to grant the waiver of inadmissibility because it found that: 1) Petitioner failed to demonstrate that his deportation would result in "extreme hardship" to his citizen wife and children; and 2) Petitioner was not entitled to a waiver of inadmissibility as a matter of discretion. We affirm.
 
 STANDARD OF REVIEW
 
 3
 This court reviews BIA's determinations of "extreme hardship" for an abuse of discretion. Hassan v. Immigration & Naturalization Service, 927 F.2d 465, 467 (9th Cir.1991). The BIA must "state its reasons and show proper consideration of all factors when weighing equities and denying relief." Id.
 
 DISCUSSION
 
 4
 Every alien who applies for adjustment of status under 8 U.S.C. § 1255 bears the burden of proving that he meets the statutory requirements for eligibility. If the alien proves that he is eligible, the decision to grant an adjustment of status is purely discretionary. Rashtabadi v. Immigration & Naturalization Service, 23 F.3d 1562, 1568 (9th Cir.1994). To be eligible for adjustment, the alien must be admissible to the United States for permanent residence. 8 U.S.C. § 1255(a)(2). An alien is excludable from admission into the United States if he has been convicted of a crime involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i). Based on Petitioner's conviction for two counts of aggravated assault for which he was sentenced to sixteen years in prison, Petitioner was ineligible for an adjustment of status unless he could prove entitlement to a waiver of inadmissibility.
 
 
 5
 * Waiver of Inadmissibility
 
 A. Extreme Hardship
 
 6
 Petitioner contends that he was entitled to a waiver of inadmissibility under section 212(h) of the Immigration and Nationality Act because his wife and stepchildren, all United States citizens, would suffer "extreme hardship" as a result of his deportation, and that the BIA abused its discretion in determining otherwise. Section 212(h) provides:
 
 
 7
 The Attorney General may, in his discretion, waive the application of [subparagraphs designating grounds for exclusion] if--
 
 
 8
 * * *
 
 
 9
 (1)(B) in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if ... the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien; and
 
 
 10
 (2) the Attorney General, in his discretion, and pursuant to such terms, conditions and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status.
 
 
 11
 8 U.S.C. § 1182(h)(1)(B), (2).
 
 
 12
 A waiver under this section "should be granted only in those cases where great actual or prospective injury to the qualifying party will occur. There must be an extreme impact on the citizen." Shooshtary v. Immigration & Naturalization Service, 39 F.3d 1049, 1051 (9th Cir.1994). In Shooshtary, an Iranian native, who had been convicted of conspiracy to defraud the government, sought review of the BIA's denial of his application for a waiver of inadmissibility and a change of status. Shooshtary claimed that his deportation would cause "extreme hardship" to his wife and two children, who were legal permanent residents of the United States. Shooshtary asserted general hardships such as his wife's inability to support the family, his inability to find employment if deported, and his children's traumatization.
 
 
 13
 The court found that "no evidence was presented by Shooshtary regarding the 'extreme hardship' that his family would face other than generalities about having to move his family elsewhere, anticipated difficulties in finding work, and anticipated loss of friends." Id. at 1051. The court concluded that "the common results of deportation or exclusion are insufficient to prove extreme hardship." Id. (citing Hassan, 927 F.2d at 468); see also Ramirez-Durazo v. Immigration & Naturalization Service, 794 F.2d 491, 498-99 (9th Cir.1986) (requiring "unique extenuating circumstances" to demonstrate extreme hardship).
 
 
 14
 Here, the BIA similarly concluded that the difficulties asserted by Petitioner did not constitute "extreme hardship," but instead represented "the usual hardship experienced upon the deportation of a family member." The BIA, in its review of the immigration judge's decision, analyzed the various burdens on Petitioner's family that would result from Petitioner's deportation. The BIA provided a thorough analysis of the family's financial situation. The BIA found that the Petitioner had spent three years in prison, and that his wife had been able to support her family during that time. The BIA stated that no hardship was shown with respect to Petitioner's oldest stepson. The BIA noted that by the time Petitioner is released from prison, the younger two stepchildren will probably be able to support themselves. The BIA also concluded that Petitioner would probably be unable to afford his stepchildren's college education; and moreover, the BIA did not consider the inability to afford college to be an "extreme hardship." The BIA found that the family's potential relocation difficulties would be the result of their own decision to move to Mexico, not direct hardship from Petitioner's deportation.
 
 
 15
 The BIA concluded that Petitioner had not established that deportation would result in extreme hardship to his citizen wife or stepchildren. It is arguable that any time a family is separated, the emotional pain, financial strain, and other problems constitute "extreme hardship." The BIA and this court have decided otherwise however, and the petitioning party must show "significant actual or potential injury," beyond the common results of deportation. See Shooshtary, 39 F.3d at 1051. Therefore, we find that the BIA did not abuse its discretion in determining that Petitioner failed to demonstrate "extreme hardship."
 
 
 16
 B. Grant of Waiver as a Matter of Discretion
 
 
 17
 Even if the BIA had found that Petitioner had demonstrated "extreme hardship," the BIA concluded that it would not have granted the waiver of inadmissibility as a matter of discretion. Petitioner's section 212(h) waiver requires a showing of extreme hardship and the Attorney General's discretionary consent to apply for adjustment of status. 8 U.S.C. § 1182(h)(1)(B) & (2) (emphasis added). The BIA found that based on the equities of this case, a waiver was not warranted. The BIA weighed the nature of Petitioner's crime and the victims' devastation against Petitioner's family situation, financial concerns, and rehabilitative efforts. The BIA considered Petitioner's acceptance of responsibility, that he remained at the scene of the accident, and that the victims were not wearing seat belts. Ultimately, the BIA decided that the mitigating factors did not outweigh Petitioner's "callous disregard for others," and concluded that Petitioner was not entitled to a waiver of inadmissibility as a matter of discretion. We find that the BIA considered the relevant factors and did not abuse its discretion in making this determination.
 
 CONCLUSION
 
 18
 The BIA carefully analyzed the relevant factors in this case and determined that: 1) Petitioner had not demonstrated that his deportation would result in "extreme hardship" to his citizen wife and stepchildren; and 2) Petitioner was not entitled to a waiver of inadmissibility as a matter of discretion. We defer to the BIA's discretionary determinations and deny the petition.
 
 
 
 **
 Judge Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3